IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JANE DOE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION |
| | * | FILE NO. _____ |
| WILCOX COUNTY BOARD OF | * | |
| EDUCATION, LORENZO DENNARD, | * | |
| CHAD DAVIS, and TIMOTHY CONNER, | * | |
| | * | |
| Defendant. | * | |

## COMPLAINT AND CIVIL ACTION FOR DAMAGES

Plaintiff Jane Doe ("Plaintiff" or "Doe") brings this Complaint and Civil Action for Damages ("Complaint") against Defendants Wilcox County Board of Education, Lorenzo Dennard, Chad Davis, and Timothy Conner showing this Honorable Court as follows:

## PREFATORY STATEMENT

Prior to the filing of this action, on October 17, 2024 and January 3, 2025 Plaintiff by and through counsel sent Ante-Litem notices presenting the claim in writing pursuant to OCGA § 36-11-1 via certified mail to the Superintendent of the Wilcox County Board of Education, to the members of the Wilcox County Board of Education, and to the Principal of Wilcox County High School. The Ante-Litem notices were presented in writing within twelve months of Doe reaching the age of majority on ▆▆▆/2024 and therefore within the time provided by OCGA § 36-11-1. A copy of Plaintiff's Ante-Litem notices and return receipts are attached as Exhibits 1 and 2.

## PARTIES, JURISDICTION, AND VENUE

1. Doe is a resident and citizen of Wilcox County, Georgia. At all times relevant to the events that form the basis for this Complaint, Doe was a minor residing in the State of Georgia and was

attending Wilcox County High School as a student. To protect the identity of Plaintiff, Doe's identity is not pled in this Complaint. Doe submits herself to the jurisdiction of this Court by filing this Complaint. Doe's date of birth is ▮▮▮/2006 such that she reached the age of majority on ▮▮▮/2024. The Ante-Litem Notices were presented in writing within twelve months of Doe reaching the age of majority. This Complaint is filed and will be served within twelve months of Doe reaching the age of majority.

2. Defendant Wilcox County Board of Education ("Defendant WCBE") is a public-school system operating under the laws of the State of Georgia with its primary place of business located at 114 7th Avenue, Rochelle, Georgia 31079.

3. Defendant WCBE may be served with legal process through its Superintendent, Dale Garnto, at 114 7th Avenue, Rochelle, Georgia 31079.

4. Defendant WCBE is a recipient of federal funds within the meaning of 20 U.S.C. § 1681 et seq.

5. This action is filed pursuant to 42 U.S.C. § 1983 and 20 U.S.C. § 1681 seeking redress for injuries suffered by Doe from deprivation under color of state law, of rights secured by the Fourteenth Amendment to the United States Constitution and Title IX of the Education Amendments of 1972.

6. Defendant Lorenzo Dennard is a resident of Georgia with a last known residence address at 328 King Avenue, Rochelle, Georgia 31079, Wilcox County, where he may be served with legal process.

7. Defendant Chad Davis is a resident of Georgia with a last known residence address at 1358 GA Highway 250, Rochelle, Georgia 31079, Wilcox County, where he may be served with legal process.

8.      Defendant Timothy Conner is a resident of Georgia with a last known residence address at 194 10th Street South, Pitts, Georgia 31072, Wilcox County, where he may be served with legal process.

9.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 federal question jurisdiction because this action arises under the Constitution, laws, or treaties of the United States.

10.     Venis is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) and (c)(2) because this is the judicial district in which Defendant resides and, separately, because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL BACKGROUND

11.     At all times pertinent to this Complaint, Doe was a student at Wilcox County High School in Rochelle, Georgia under the care and supervision of Defendant WCBE, through its agents and employees.

12.     At all times relevant to Plaintiff's claims, Doe was between the ages of 16 and 17 years old and in the 10th and 11th grade, attending Wilcox County High School.

13.     The website for Wilcox County Schools (https://www.wilcox.k12.ga.us/about-us) represents to parents, students, and the general public that "As a small-town school system with caring teachers, WCS [Wilcox County Schools] is a great place to learn. Teachers know their students, parents, and the families in Wilcox County. Students thrive in an atmosphere of compassion, trust, and rising expectations."

14.     At all times pertinent to this Complaint, Defendant Lorenzo Dennard ("Dennard") was employed as a coach and teacher for Defendant WCBE.

15.     At all times pertinent to this Complaint, Defendant Davis was employed by Defendant WCBE as the Principal of Wilcox County High School

16. At all times pertinent to this Complaint, Defendant Conner was employed by Defendant WCBE as the Vice Principal of Wilcox County High School.

17. Over the course of Doe's enrollment at Wilcox County High School, Dennard took systematic, targeted steps to groom Doe and undertook various actions to gain trust, all of which was for the sole purpose of facilitating an inappropriate, non-pedagogical personal relationship, including increased one-on-one time.

18. Dennard flirted with Doe and had inappropriate physical contact with Doe.

19. Defendant WCBE's administration and officials, including Defendants Davis and Conner, were made aware that Dennard flirted with Doe, had inappropriate physical contact with Doe, and had inappropriate communications with Doe.

20. Such conduct of Dennard was observed by other employees of Defendant WCBE, including Deauntay Legrier also known as Coach Woody.

21. Doe's parents notified Defendant WCBE's administration and officials, including Defendants Davis and Conner, of concerning behavior that a teacher at the school was inappropriately communicating with, flirting with, and having physical contact with Doe.

22. Doe's parents met with Defendants Davis and Conner at the school on a day of an honors awards ceremony. Doe's parents provided Defendant WCBE's administration and officials with actual notice of conduct sufficient to alert them that a teacher at the school was inappropriately communicating with, flirting with, and having physical contact with Doe in April/May 2023.

23. Defendant WCBE's administration and officials knew that Dennard posed a risk of sexually abusing Doe.

24. Defendant WCBE's administration and officials had actual notice of conduct sufficient to alert them that Dennard was sexually abusing Doe.

25. Defendant WCBE's administration and officials had actual notice of conduct sufficient to alert them that Dennard was sexually abusing Doe at the school.

26. Sexual abuse occurred at school and was possible only because Dennard was in a position as a teacher and coach for students, including Doe.

27. Much of Dennard's conduct took place at school during school hours, and Dennard also took advantage of his position at the school to exercise control over Doe after school hours, including on and off campus.

28. Defendant WCBE's administration and officials, including Defendants Davis and Conner, had actual notice of conduct sufficient to alert them that Dennard was sexually abusing Doe after school hours, including on and off campus.

29. Dennard's position and time alone with Doe during school hours and on campus allowed him to prey upon Doe and engage in a practice referred to as "grooming," where he conditioned the minor child to trust him.

30. Dennard's inappropriate conduct towards Doe was conducted openly on campus in a way that was apparent and provided notice to Defendant WCBE's administration and officials that he was sexually abusing Doe.

31. Due to Dennard's conduct and psychological abuse, Doe's mental health deteriorated.

32. Defendant WCBE's administration and officials, including Defendants Davis and Conner, had knowledge of Dennard's inappropriate conduct and sexual abuse of Doe, but despite such notice and knowledge Defendants WCBE and Davis and Conner took no disciplinary action against Dennard and allowed him to remain in a position of trust and influence over the students at the school, including Doe.

33 Doe's parents reported to Defendant WCBE's administration and officials, including

5

Defendants Davis and Conner, their observations of concerning behavior of a teacher at the school inappropriately communicating with, flirting with, and having physical contact with Doe.

34. Defendant WCBE's administration and officials assured Doe's parents that the school would "look into it" and thereby address any issues or inappropriate contact that may exist.

35. Defendant WCBE's administration and officials spoke with Coach Woody (Deauntay Legrier), who told Defendant WCBE's administration and officials about Dennard's inappropriate contact with Doe, including but not limited to his inappropriate messaging through Snapchat with Doe.

36. Despite the discussion with Coach Woody (Deauntay Legrier) and despite other notice of Dennard's inappropriate conduct, Defendant WCBE's administration and officials told Doe's parents that they were not aware of anything inappropriate taking place.

37. Despite the discussion with Coach Woody (Deauntay Legrier) and despite other notice of Dennard's inappropriate conduct, Defendant WCBE's administration and officials did not terminate Dennard.

38. Despite the discussion with Coach Woody (Deauntay Legrier) and despite other notice of Dennard's inappropriate conduct, Defendant WCBE's administration and officials took no action to ensure that Dennard was not allowed to come into contact in any way with Doe pending investigation.

39. Despite the discussion with Coach Woody (Deauntay Legrier) and despite other notice of Dennard's inappropriate conduct, Defendant WCBE's administration and officials failed to report Dennard's conduct to law enforcement for an appropriate investigation.

40. Despite the discussion with Coach Woody (Deautay Legrier) and despite other notice of Dennard's inappropriate conduct, Defendant WCBE's administration and officials permitted

Dennard to leave employment without reporting his conduct to law enforcement or undertaking any official investigation in hopes his actions would be undetected and be swept under the rug.

41. Dennard's inappropriate conduct was permitted to continue as a proximate result of the above-described actions of Defendants WCBE, Davis, and Conner. Dennard continued to inappropriately communicate with Doe through text messages and Snapchat, including sending pornographic images, and he used his position of influence gained from his role with Defendant WCBE to cause Doe to engage in physical sexual abuse.

42. After this horrific sexual encounter, Doe suffered an emotional breakdown at which time Doe's parents discovered she had been physically sexually abused by Dennard.

43. Doe's parents promptly contacted law enforcement. If Defendants WCBE, Davis, and Conner had done the same and contacted law enforcement when the abuse was first brought to the school's attention, the ongoing conduct and horrific physical sexual abuse would not have occurred.

44. On or about July 24, 2024, the Georgia Bureau of Investigation arrested and charged Lorenzo Dennard with seventy-seven counts of Sexual Exploitation of Children, three counts of Electronically Furnishing Obscene Material to a Minor, and one count of Improper Sexual Contact by an Employee. https://gbi.georgia.gov/press-releases/2024-07-24/former-wilcox-county-teacher-arrested-sexual-exploitation-children.

45. Defendant WCBE failed to adequately train its employees to handle these situations, presenting an obvious potential for Dennard to abuse Doe.

46. At all times relevant, Dennard was in a confidential relationship with Doe and was situated to exercise a controlling influence over her will, conduct, and interests, as defined by OCGA § 23-2-58.

47. At all times relevant, Dennard was acting within the course and scope of his employment with Defendant during the time he was employed by Defendant WCBE.

48. Even after employment had ended, the conduct of Defendant WCBE (and of Defendants Davis and Conner as Principal and Vice Principal) was the proximate cause of injuries and damages to Doe at the hands of Dennard because Dennard's inappropriate conduct was permitted to continue as a proximate result of the Defendant WCBE's actions including permitting Dennard to leave employment without reporting his conduct to law enforcement or undertaking any official investigation in hopes his actions would be undetected and be swept under the rug.

49. At all times relevant, the actions taken by Dennard with respect to Doe including any alleged private, off duty actions were taken under color of state law because those actions and the employment actions were part of an indivisible, ongoing series of events.

50. At all times relevant, there was a real nexus between all of Dennard's sexual abuse of Doe and his duties and obligations as a teacher and coach with Defendant WCBE, such that all of his conduct was taken under color of state law.

51. At all times relevant, Dennard acted under the color of his employment for Defendant.

### COUNT I
### POST-REPORT DELIBERATE INDIFFERENCE
### IN VIOLATION OF TITLE IX, 20 U.S.C. § 1681, *et seq.*

52. Title IX of the Education Amendments of 1972 provides, with certain exceptions, that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

53. Defendant WCBE receives federal financial assistance pursuant to Title IX.

54. As a result of prior allegations of sexual misconduct and numerous instances of reporting,

Defendant WCBE had actual knowledge of Dennard's sexual abuse, sexual harassment, assault, and battery against Doe.

55. Doe suffered teacher-on-student sexual abuse and harassment, which is considered sex discrimination prohibited by Title IX.

56. Defendant WCBE had actual knowledge of the sexual abuse and harassment that Doe continued to suffer at the hands of Dennard after receiving reports of Dennard's sexual abuse and harassment.

57. Defendant WCBE's administrators, employees, and agents with actual knowledge of the prior allegations of sexual misconduct and numerous reports against Dennard – including Defendants Davis and Conner – had the authority and ability to investigate and take meaningful corrective action to remediate the sexual abuse, sexual harassment, and the hostile educational environment that Doe suffered, but Defendant WCBE failed to do so.

58. While Dennard continued to sexually abuse and harass Doe, Defendant WCBE failed to take meaningful disciplinary or corrective action against Dennard and continually failed to take corrective action to remediate the sexual abuse, sexual harassment, and hostile educational environment that Doe experienced after having knowledge of reports of Dennard's actions that were clearly unreasonable in light of the known circumstances.

59. Through its actions and inaction, Defendant WCBE created and nurtured an environment in which sexual abuse and harassment were tolerated, thus encouraging Dennard's sexual abuse and harassment against Doe and proximately caused severe injuries to Doe.

60. As a result of Defendant WCBE's deliberate indifference, Doe was subjected to additional sexual abuse and harassment by Dennard.

61. The sexual abuse, harassment, assault, and battery Dennard inflicted upon Doe was severe,

pervasive, and objectively offensive, and effectively barred Doe access to educational opportunities and benefits.

62. The sexual abuse, harassment, assault, and battery inflicted upon Doe, along with Defendant WCBE's refusal to take any meaningful action in response to reports of Dennard's sexual misconduct and harassment against Doe, effectively barred Doe access to educational opportunities and benefits.

63. By its actions and inaction, Defendant WCBE acted with deliberate indifference toward the rights of Doe to a safe and secure educational environment, thus materially impairing her ability to pursue her education, thus violating the requirements of Title IX.

64. Defendant WCBE violated Title IX by its actions, including but not limited to, *inter alia*:

   a. Choosing to take sides against Doe, by refusing to discipline Dennard;

   b. Ignoring complaints and reports regarding Dennard's sexual abuse, harassment, and misconduct against Doe, and/or being deliberately indifferent thereto;

   c. Failing to conduct an unbiased investigation into reports of Dennard's sexual misconduct, and/or being deliberately indifferent thereto;

   d. Requiring Doe to protect herself against further sexual abuse, harassment, and misconduct following reports against Dennard;

   e. Protecting and insulating Dennard, despite numerous credible and consistent reports of his sexual misconduct against Doe;

   f. Creating a climate that tolerated sexual abuse and harassment against Doe, and/or being deliberately indifferent thereto;

   g. Failing to develop or adopt policies and procedures to properly address complaints of teacher on student sexual abuse, harassment, assault, and battery, and post-report sexual abuse

and harassment;

h. Failing to provide policy, procedures, or training for administrators, employees, students, and students' parents about sexual abuse and harassment;

i. Failing to follow existing policies and procedures, or training regarding reports of teacher on student sexual abuse and harassment, including Georgia's mandatory reporter laws;

j. Failing to discipline Dennard and/or Defendant WCBE's employees and agents for their willful disregard to Doe's safety and rights, and/or being deliberately indifferent thereto;

k. Failing to provide, offer, recommend, or coordinate adequate psychological counseling and academic assistance and services to Doe after she was sexually abused, harassed, assaulted, and battered by Dennard, and/or being deliberately indifferent thereto; and

l. Through other actions, inaction, and deliberate indifference.

65. As a direct and proximate result of Defendant WCBE's and Defendant Davis's and Defendant Conner's and Defendant Dennard's action, inaction, and deliberate indifference, Doe sustained and continues to sustain injuries for which she is entitled to be compensated, including but not limited to:

a. Past, present, and future physical and psychological pain, suffering, and impairment;

b. Medical bills, counseling, and other costs and expenses for past and future medical and psychological care;

c. A marred educational record, an impaired educational capacity and future earning capacity; and

d. Attorneys' fees and costs.

11

## COUNT II
## VIOLATION OF THE RIGHT TO EQUAL PROTECTION (42 U.S.C. § 1983)

66. 42 U.S.C. § 1983 authorizes private parties to enforce their federal constitutional rights and federal statutory rights against defendants who have acted under color of state law.

67. At all times relevant, the conduct of Defendant WCBE and its agents was subject to 42 U.S.C. § 1983.

68. Acting under color of law and pursuant to official policy and/or custom, Defendant WCBE knowingly, recklessly, and/or with gross negligence failed to instruct, supervise, control and discipline on a continuing basis Dennard in his duties to refrain from depriving Doe of her statutory rights under Title IX and/or her rights guaranteed by the Equal Protection Clause of the Fourteenth Amendment.

69. Defendant WCBE had actual knowledge of the sexual harassment, abuse, assault, and battery of Doe by Dennard.

70. Defendant WCBE's administration and officials, including Defendants Davis and Conner, had actual knowledge of Dennard's abuse, which provided Defendant WCBE with constructive notice of Dennard's abuse.

71. Defendant WCBE knew or should have known of the sexual harassment, abuse, assault, and battery of Doe by Dennard.

72. Defendant WCBE had the power to prevent or aid in preventing the commission of the aforementioned deprivation of Doe's federal statutory rights, and could have done so by exercising reasonable diligence, yet Defendant WCBE knowingly, recklessly, and/or with gross negligence failed or refused to do so.

73. Defendant WCBE had actual and constructive notice and knowledge of Dennard's pattern of abuse and illegal conduct towards Doe as there were multiple reports of the abuse, and yet

Defendant WCBE still failed to take any further action.

74. Defendant WCBE directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Dennard described herein.

75. Defendant WCBE had an affirmative constitutional duty to protect Doe's constitutional right to bodily integrity, including protection from sexual abuse by one of its employees.

76. Defendant WCBE, under color of law, failed to maintain and/or enforce policies, customs, practices, and training to prevent a violation of federal statutory and constitutional rights, rendering Defendant WCBE deliberately indifferent to Doe's federally guaranteed rights under Title IX and her liberty interest in her bodily integrity as protected by the Equal Protection Clause of the Fourteenth Amendment. Defendant WCBE's policies, practices, acts, and omissions placed Doe at unreasonable and foreseeable risk of being sexually abused by Dennard.

77. Despite having subjective knowledge of the risk of serious harm to its students, Defendant WCBE acted with deliberate indifference towards the safety and wellbeing of its students, including Doe, in disregarding that risk. This conduct includes, but is not limited to, Defendant WCBE's failure to take required action in response to multiple credible reports of Dennard's abusive conduct towards students, including Doe, which established a clear and persistent pattern of abuse. Defendant WCBE failed to report these allegations to authorities or parents and instead allowed Dennard to remain employed and then eventually allowed him to quietly leave employment without reporting his conduct to law enforcement or undertaking any official investigation in hopes his actions would be undetected and be swept under the rug.

78. Defendant WCBE had subjective knowledge of the risk of serious harm to students through receipt of multiple reports of Dennard's abuse, yet Defendant WCBE deliberately disregarded that risk by failing to take appropriate action in the face of the persistent pattern of abuse.

79. Despite Defendant WCBE's actual and/or constructive knowledge of the persistent pattern of abuse by Dennard, its employee, Defendant WCBE tacitly approved and deliberately ignored the abuse, such that Defendant WCBE's inaction established a custom of deliberate indifference to abuse.

80. Defendant WCBE's custom of deliberate indifference to abuse directly resulted in the continued abuse of Doe by Dennard.

81. Defendant WCBE's senior officials, including Defendants Davis and Conner, made express decisions to retain Dennard and to not take any action to end his pattern of abuse, despite receiving multiple credible reports of abuse. These individuals were vested with ultimate, non-reviewable decision-making authority regarding credible reports of teacher-on-student abuse and ultimately approved and implemented the policy and custom of deliberate indifferent to abuse.

82. Defendant WCBE took no action to correct its senior officials' deliberate inactions for reports of sexual harassment by Dennard and other failures to ensure that Doe had an education free of sexual harassment.

83. Defendant WCBE's failure to properly supervise violated Doe's, and other students' rights guaranteed by the Equal Protection Clause of the Fourteenth Amendment, including equal access to her educational institution's resources and opportunities without discrimination on the basis of sex, freedom from sexual abuse in school, and right to bodily integrity.

84. As a direct and proximate cause of the negligent and intentional acts of Defendants Dennard, Davis, Conner, and WCBE and its agents under color of state law as set forth above, Doe suffered sexual abuse, mental anguish, and a denial of education benefits in connection with the deprivation of her federal statutory rights guaranteed under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, and her rights guaranteed by the Equal Protection Clause of the

Fourteenth Amendment and protected by 42 U.S.C. § 1983.

## COUNT III
## VIOLATION OF SUBSTANTIVE DUE PROCESS RIGHTS (42 U.S.C. § 1983)

85. Plaintiff asserts in the alternative, including for purposes of if it were to be determined that the Equal Protection Clause does not provide an avenue for Doe's claims, claims based upon substantive due process. 42 U.S.C. § 1983 authorizes private parties to enforce their federal constitutional rights and federal statutory rights against defendants who have acted under color of state law.

86. At all times relevant, the conduct of Dennard was subject to 42 U.S.C. § 1983.

87. At all times relevant, Dennard was acting under the discretion and control of Defendant WCBE and acting under color of state law.

88. Dennard committed the acts of sexual harassment, abuse, assault, and battery against Doe.

89. Acting under color of law and pursuant to official policy and/or custom, Defendant WCBE and its agents knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Dennard in his duties to refrain from depriving Doe of her statutory rights under Title IX and/or her substantive due process rights guaranteed by the Fourteenth Amendment.

90. Defendant WCBE's conduct and Dennard's conduct was performed under color of state law and deprived Doe of her federal statutory and constitutional rights.

91. As a direct and proximate cause of the negligent and intentional acts of Defendants Dennard, Davis, Conner, and WCBE and its agents as set forth above, Doe suffered sexual abuse, mental anguish, and a denial of education benefits in connection with the deprivation of her federal statutory rights guaranteed under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, the substantive due process clause of the Fourteenth Amendment and protected by 42 U.S.C. § 1983.

## COUNT IV
## ATTORNEY'S FEES

92. Defendants' actions constitute willful, intentional, and tortious conduct. Every intentional tort involves an element of bad faith that entitles a person to recover the expenses of litigation, including attorney's fees.

93. The actions of Defendants have caused Plaintiff unnecessary trouble and expense.

94. Plaintiff is entitled to recover the necessary expenses of litigation, including her attorney's fees from Defendants pursuant to O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays and respectfully demands verdict and judgment as follows:

a. That summons and process issue and that Defendants be served with the summons and a copy of this Complaint as provided by law, and that said Defendants be required to appear and answer;

b. That Plaintiff be awarded compensatory damages against Defendants for the emotional and physical injuries sustained by Plaintiff, in an amount to be determined by the enlightened conscience of an impartial jury;

c. That Plaintiff be awarded special damages against Defendants for the medical expenses of Doe in an amount shown by the evidence and proven at trial;

d. That Plaintiff be awarded compensatory damages against Defendant, for the conscious pain and suffering of Doe, in an amount to be determined by the enlightened conscience of an impartial jury;

e. That Plaintiff be awarded attorney's fees and costs in pursuing this action;

f. That Plaintiff be granted a trial by jury;

g. That Defendants be charged with all court costs attributable to this action and such

other costs reasonably incurred in the prosecution and trial of this case; and

h.   That Plaintiff be granted such other and further relief that may be supported by the evidence and as this Court deems just and proper.

Respectfully submitted this 3rd day of April, 2025.

|  |  |
|---|---|
|  | CRAWFORD & BROWN<br>LAW FIRM LLP |
| Post Office Box 1118<br>Columbus, GA  31902<br>Telephone:  (706) 320-9646<br>Facsimile:  (706) 494-0221 | By: /s/ Dustin T. Brown<br>        Dustin T. Brown<br>        Georgia Bar No. 086998<br>        dustin@crawfordandbrown.com<br>        Jason L. Crawford<br>        Georgia Bar No. 193752<br>        jason@crawfordandbrown.com |
| P. O. Box 7<br>Albany, GA  31702<br>Telephone:  (229) 446-4886<br>Facsimile:  (229) 446-4884 | PATRICK S. FLYNN, LLC<br><br>By: /s/ Patrick S. Flynn<br>        Patrick S. Flynn<br>        Georgia Bar No. 004765<br>        pflynn@patrickflynnlaw.com |
|  | *Attorneys for Plaintiffs* |